# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**JERRY MCLEOD**,

    Plaintiff,

v.

**MIKE DEWEY, et al.**,

    Defendants.

Civil Action No. 7:20-CV-244

## ORDER

Following a *pro se* conference on April 21, 2021, the Court granted Plaintiff Jerry McLeod's motion to proceed *in forma pauperis* ("IFP"). (Doc. 2). As a part of that conference, the Court further discussed the premise of Plaintiff's Complaint and explained several shortcomings in the presentation of Plaintiff's case. The Court then directed Plaintiff to file a recast complaint. The Court provided Plaintiff with specific instructions to eliminate (1) any claims which had been previously litigated; and (2) any claims that accrued more than two years prior to the filing of the lawsuit. (Doc. 22). The Court explained why those claims were not properly before the Court. (Id.).

Rather than culling his claims, as instructed by the Court, Plaintiff has now filed a 142-page, 345-paragraph recast complaint. (Doc. 24). Plaintiff's revised complaint is the very definition of an impermissible shotgun pleading. Courts must construe *pro se* pleadings liberally, holding them to a less stringent standard thnt

those drafted by an attorney. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). Nevertheless, courts "have very little tolerance for shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both. Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021). Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires the complaint to set forth "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of these rules is to ensure that both the adversarial party and the court can discern the plaintiff's claims and the facts supporting each claim. Barmapov, 986 F.3d at 1324 (quoting Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015) (Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules" because they are "calculated to confuse the 'enemy' and the court.")). Besides violating the rules of civil procedure, shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the law." Vibe Micro, 878 F.3d at 1295 (quotation and alteration omitted).

There are four general categories of shotgun pleadings. Weiland, 792 F.3d at 1321. The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to

2

carry all that came before and the last count to be a combination of the entire complaint." Id. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third category is a complaint that does not separate "each cause of action or claim for relief" into a different count. Id. at 1323. The final type of shotgun pleading is a complaint asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against." Id.

Plaintiff's recast complaint falls into three of these four categories. Plaintiff's recast complaint names nineteen defendants, some of whom work for government entities and others who appear to be private citizens or organizations. The numeration of Plaintiff's claims is sporadic. But around page seventy-one of the recast complaint, Plaintiff begins stating that each count incorporates all of the preceding paragraphs. Plaintiff continues this practice throughout the remainder of the pleading, clearly placing Plaintiff's complaint into the first category of shotgun complaint.

Plaintiff's complaint also exemplifies the second and fourth categories. Plaintiff's complaint is replete with conclusory and vague allegations. Moreover, many of the claims are asserted against multiple defendants without specifying how each defendant is responsible for the conduct alleged. The factual allegations themselves difficult to follow. There is no clear timeline, and often the claims for one date are blurred in with the claims for a subsequent date. In short, it is nearly

impossible to parse out the specific claims against each named defendant and when those claims arose.

The Court cannot simply dismiss Plaintiff's recast complaint. Before dismissing a complaint on shotgun pleading grounds, the Court first must explain how the pleading violates the shotgun pleading rule, which the Court has done, and then provide Plaintiff with at least one opportunity to re-plead the complaint. Vibe Micro, 878 F.3d at 1296. Accordingly, the Court once more directs Plaintiff to amend his complaint. Plaintiff's amended complaint should take into account the deficiencies discussed herein. Specifically, the Court directs Plaintiff to break each of his claims down to describe against whom he asserts the claims, which acts or omissions for which each defendant is accountable, and when the events occurred. The Court further instructs Plaintiff to review the Court's previous Order (Doc. 22) and to eliminate those claims the Court has already informed Plaintiff are not properly before the Court.

Plaintiff shall file his amended complaint by not later than October 15, 2021. Plaintiff's failure to timely comply with the Court's Order and to eliminate the shotgun nature of his complaint will result in dismissal of this action with prejudice. As the Court articulated in its April 27, 2021 Order (Doc. 23), Defendants are not obligated to respond to Plaintiff's amended complaint until such time as the Court conducts the § 1915 screening and Defendants are properly served by the United States Marshall.

**SO ORDERED** this 24th day of September, 2021.

                                       */s/ Hugh Lawson*
                                       **HUGH LAWSON, SENIOR JUDGE**

aks